IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv-758-MJR |
| ) | |
| ROGER E. WALKER, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate at the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for alleged violations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff is a self-styled "advocate and champion for reform of the Illinois Department of Corrections." Plaintiff has attached several exhibits to his complaint indicating that, over a period of years, he has informed corrections officials of various problems he believes exists within the prison system - including general problems with illegal drugs and weapons. Plaintiff alleges that the Defendants have retaliated against him by: (1) allowing another inmate to attack him on November 6, 2005; (2) disregarding sexual threats and sexual harassment from another inmate in February 2006; (3) transferring him to a more secure institution; and (4) issuing him a conduct violation and finding him guilty of the same. In addition to his retaliation claim, Plaintiff asserts that the above actions - especially the November inmate attack and the February sexual threats - violated his Eighth Amendment right to be reasonably protected from assaults by other inmates .

**DISCUSSION**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

The Court notes that the Seventh Circuit has clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-

41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993). In his complaint, Plaintiff seems to refer to several different grievances. Some of these grievances are mere "personal gripes" while others appear to be of "public concern." At this point in the case, though, the Court is not prepared to say that the complaint fails to allege a claim upon which relief may be granted.

In summary, this case survives review under 28 U.S.C. § 1914A. The Court notes that due to a typographical error, Defendant Garnett has been wrongly docketed as "Jason C. Barnett." The Clerk of Court will be directed to replace "Jason C. Barnett" with "Jason C. Garnett."

**DISPOSITION**

The Clerk of Court is **DIRECTED** to substitute "Jason C. Garnett" for "Jason C. Barnett."

**IT IS HEREBY ORDERED** Plaintiff shall complete and submit a USM-285 form for Defendants **WALKER, GARNETT, LAMBERT, BRADFORD, WILKERSON, BLACK, RYKER, HOSKINSON, KUNTZ, BANTICAN, AND FORD** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **11** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALKER, GARNETT, LAMBERT, BRADFORD, WILKERSON, BLACK, RYKER, HOSKINSON, KUNTZ, BANTICAN, AND FORD**. The Clerk shall forward those forms, USM-285 forms

3

submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALKER, GARNETT, LAMBERT, BRADFORD, WILKERSON, BLACK, RYKER, HOSKINSON, KUNTZ, BANTICAN, AND FORD** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 18th day of July, 2008.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**
