IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JAMES BROWN, N-00865, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | No. 07-758-MJR |
| ROGER E. WALKER, JR., et. al., | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## WITH SUPPORTING BRIEF

NOW COME the Defendants, ROGER E. WALKER, JR., NEAL BANTICAN, KENT BLACK, MELODY J. FORD, JASON C. GARNETT, JOYCE HOSKINSON, ROBERT KUNTZ, GREGORY LAMBERT, LEE RYKER, JULIE WILKERSON, and ROY D. BRADFORD, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois Attorney General for the State of Illinois, and hereby submit their Memorandum of Law in Support of Defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff is an inmate within the Illinois Department of Corrections (IDOC) and incarcerated at Lawrence Correctional Center (Lawrence). [Doc. 1 at 1]. On October 26, 2007, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. §1983. [Doc. 1]. Following merit review, the Court found that Plaintiff had stated claims for violations of the First and Eighth Amendments. [Doc. 6]. Specifically, Plaintiff alleged Defendants retaliated against him by (1) allowing another inmate to attack him on November 6, 2005; (2) disregarding sexual threats and sexual harassment from another inmate in February 2006; (3) transferring him to a more secure institution; and (4) writing and finding him guilty of a

disciplinary infraction in October 2006. [Doc. 1 at 9; doc. 1-5 at 26; doc. 6 at 2]. Plaintiff additionally stated a claim that the November 6, 2005, attack and February 2006 sexual harassment violated his Eighth Amendment right to be reasonably protected from assaults from other inmates. [Doc. 6 at 2]. Defendant respectfully submits that no genuine issue of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies prior to filing this suit regarding claims related to the November 6, 2005, attack and the February 2006 sexual harassment and that their Motion for Summary Judgment for should be granted as to those claims.

## UNDISPUTED MATERIAL FACTS

1. Plaintiff is an inmate currently incarcerated within IDOC and housed at Lawrence. [Doc. 1 at 1].

2. On October 26, 2007, Plaintiff filed the instant Complaint regarding prison conditions at Big Muddy River Correctional Center (Big Muddy) and Lawrence. [Doc. 1, generally].

3. Defendants are employees of IDOC. [Doc. 1 at 2-4].

4. According to the Complaint, when Plaintiff was housed at Big Muddy on November 6, 2005, Defendant Black allowed another inmate to attack him with a door. [Doc. 1 at 4-5].

5. According to the Complaint, when Plaintiff was housed at Big Muddy in February 2006, Defendants Bradford and Wilkinson disregarded sexual threats and sexual harassment directed at Plaintiff by another inmate. [Doc. 1 at 8].

6. Melody Ford is a Chairperson with the ARB, which handles appeals of inmate grievances on the Director's behalf. [See Defendant's Exhibit 1, Affidavit of Melody Ford].

7. The ARB conducted a search of its records, and Plaintiff did not file a grievance in accordance with departmental rule 504, regarding (1) an inmate attacking him with a door on November 6, 2005 at Big Muddy, or (2) sexual threats and sexual harassment from another inmate in February 2006 at Big Muddy. [Defendant's Exhibit 1 Affidavit of Melody Ford].

## ARGUMENT

### 1. Standard for Summary Judgment

Summary judgment is proper if the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether there are any genuine issues of material fact, the court must draw all inferences in the light most favorable to the non-movant. Bartman v. Allis-Chalmers Corp., 799 F.2d 311, 312 (7th Cir.1986). Yet not every conceivable inference must be drawn, only reasonable inferences. Bartman v. Allis-Chalmers Corp., 799 F.2d 311, 312-13 (7th Cir.1986).

### 2. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act, 42 U.S.C. §1997e(a), provides in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also Pavey

v. Conley, 544 F.3d 739, 740 (7th Cir. 2008). The exhaustion requirement applies to all inmate suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of administrative remedies is a condition precedent to filing suit. Perez v. Wisconsin Dep't. of Corr., 182 F.3d 532, 535 (7th Cir.1999). A plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006) (holding that prisoner cannot satisfy exhaustion requirement by filing untimely or otherwise procedurally defective grievances). To fulfill the exhaustion requirement, prisoners must follow the administrative steps established by the state. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). The exhaustion requirement of the Prison Litigation Reform Act is enforced "by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending." Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); see also Pavey, 544 F.3d at 742 (remedy for failure to exhaust is dismissal).

Illinois provides for administrative review of inmate complaints through an institutional grievance process, where the review progresses from a counselor to a Grievance Officer to the Chief Administrative Officer. ILL. ADMIN. CODE tit. 20, §§ 504.810, 504.830 (2007). Adverse decisions must be appealed to the Director within 30 days of the Chief Administrative Officer's findings. ILL. ADMIN. CODE tit. 20, § 504.850 (2007). The decision regarding the appeal, handled by the ARB on behalf of the Director, is the final step in the process. Dixon v. Page, 291 F.3d 485, 489 (7th Cir. 2002).

### 3. Plaintiff has Failed to Exhaust His Administrative Remedies

Plaintiff is an inmate within IDOC, and filed the instant complaint regarding prison conditions at Big Muddy. [Undisputed Material Facts 1-2]. Defendants are IDOC employees. [Undisputed Material Fact 3]. Accordingly, because Plaintiff is an inmate currently incarcerated within IDOC and the case involves prison conditions, section 1997e applies, and Plaintiff must exhaust his administrative remedies with respect to his claims Defendants allowed another inmate to attack him on November 6, 2005 at Big Muddy and disregarded sexual threats and sexual harassment from another inmate in February 2006.

The ARB conducted a search of its records, and Plaintiff did not file a grievance in accordance with departmental rule 504, regarding (1) an inmate to attacking him with a door on November 6, 2005 at Big Muddy, or (2) sexual threats and sexual harassment from another inmate in February 2006 at Big Muddy. (Undisputed Material Fact 7). The appropriate remedy for Plaintiff's failure to exhaust, in accordance with Woodford, Ford, Perez, Pavey, and the plain language of 42 U.S.C. §1997e(a), is dismissal of these claims, and dismissal of Defendant Black from this lawsuit because his only involvement alleged in the Complaint is with respect to the November 6, 2005, incident. [Doc. 1 at 4-5].

### CONCLUSION

Exhaustion of administrative remedies is a condition precedent to filing suit under the Prison Litigation Reform Act. As Plaintiff failed to satisfy this requirement prior to filing suit in federal court with respect to certain claims in his Complaint, Defendants respectfully requests this Honorable Court grant their Motion for Summary Judgment as to those claims.

WHEREFORE, for the above and forgoing reasons, Defendants respectfully request that this Honorable Court enter summary judgment in their favor and grant any further relief the Court deems necessary and proper.

    Respectfully Submitted,

    ROGER E. WALKER, JR., NEAL BANTICAN, KENT BLACK, MELODY J. FORD, JASON C. GARNETT, JOYCE HOSKINSON, ROBERT KUNTZ, GREGORY LAMBERT, LEE RYKER, JULIE WILKERSON, and ROY D. BRADFORD,

    Defendants,

    Lisa Madigan, Attorney General
    of the State of Illinois,

Joseph N. Rupcich, #6283899     Attorney for Defendants,
Assistant Attorney General
500 South Second Street     By:  s/Joseph N. Rupcich
Springfield, IL 62706         Joseph N. Rupcich
(217) 557-0261         Assistant Attorney General
Of Counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JAMES BROWN, N-00865, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 07-758-MJR |
| | ) |
| ROGER E. WALKER, JR., et. al., | ) |
| | ) |
| Defendants. | ) |

_____

**Certificate of Service**

I hereby certify that on February 9, 2009, I electronically filed Defendants' Motion for Summary Judgment with Supporting Brief with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on February 9, 2009, I mailed by United States Postal Service, the document to the following non-registered participant:

James Brown, #N-00865
Lawrence Correctional Center
RR #2, Box 36
Sumner, IL 62466

Respectfully submitted,

By: s/Joseph N. Rupcich
Joseph N. Rupcich
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 557-0261
Facsimile:  (217) 524-5091
jrupcich@atg.state.il.us
#6283899