IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES BROWN,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 07-cv-758 MJR |
| ROGER E. WALKER, JR., JASON C. GARNETT, GREGORY LAMBERT, ROY BRADFORD, JULIE WILKERSON, KEN BLACK, LEE RYKER, JOYCE HOSKINSON, ROBERT F. KUNTZ, NEIL BANTICAN, and MELODY J. FORD, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction and Factual/Procedural Background

In October 2007, James Brown, an inmate incarcerated at Lawrence Correctional Center in Sumner, Illinois, filed suit for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. In its threshold Order, the Court summarized Brown's complaint as alleging that the above-named Defendants violated his First Amendment rights by retaliating against him for filing grievances or otherwise complaining about his conditions of confinement, and violated his Eighth Amendment right to be reasonably protected from assaults by other inmates. In support of these claims, Brown alleged the following conduct by Defendants: (1) allowing another inmate to attack him on November 6, 2005; (2) disregarding sexual threats and sexual harassment from another inmate in February 2006; (3) transferring him to a more secure institution; and (4) writing, and finding him guilty of, a disciplinary infraction in October 2006. The Court found that the case as

1

a whole survived review under 28 U.S.C. § 1914A (Doc. 6).

On February 9, 2009, Defendants, Roger E. Walker, Jr., Neal Bantican, Kent Black, Melody J. Ford, Jason C. Garnett, Joyce Hoskinson, Robert Kuntz, Gregory Lambert, Lee Ryker, Julie Wilkerson, and Roy D. Bradford, moved for summary judgment on Counts 1 and 2 of Brown's complaint (Doc. 28). On March 23, 2010, the Court granted a separate motion for summary judgment on Count 4 in favor of six of these Defendants, Hoskinson, Bantican, Kuntz, Ryker, Walker and Ford (*see* Docs. 53, 75). Because all claims against Hoskinson, Bantican, Kuntz, Ryker and Walker where thereby resolved, they were terminated as parties. Brown's claims (Counts 1–3) remain against Garnett, Lambert, Bradford, Wilkerson, Black and Ford.

On July 7, 2009, United States Magistrate Judge Frazier submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending that Defendants' summary judgment motion be granted in part and denied in part. Specifically, the Report recommended (1) that further proceedings regarding the claims identified as Count 1 be stayed for six weeks and the Illinois Department of Corrections be directed to process Brown's March 30, 2006, grievance, as resubmitted to the Administrative Review Board ("ARB") on August 15, 2006; and (2) that the claims identified as Count 2 be dismissed with prejudice. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report.

On July 16, 2009, Brown filed a timely objection (Doc. 48). The Court granted his subsequent motion to file a substitute objection and directed the Clerk of Court to electronically file the proposed corrected version as Brown's amended objection to the Report (Docs. 50, 51). Because of a misunderstanding, Brown also filed an amended objection, Document 52, which is identical to

2

the document which the Court ordered filed, Document 50.

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999).** The Court will confine its analysis to Count 2 because Brown does not object to the Report's recommendation as to Count 1.

## II. Standard for summary judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions and affidavits reveal that there is no genuine issue as to any material fact *and* that the moving party is entitled to judgment as a matter of law. *Vukadinovich v. Board of Sch. Trs. of North Newton Sch. Corp.*, **278 F.3d 693, 698-99 (7th Cir. 2002).**

The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby*, **477 U.S. 242, 247 (1986);** *Salvadori v. Franklin Sch. Dist.*, **293 F.3d 989, 996 (7th Cir. 2002).** Rather, to successfully oppose summary judgment, the nonmovant must present definite, competent evidence or affirmative defenses in rebuttal. *Vukadinovich*, **278 F.3d at 699.**

## III. Analysis

With respect to the issue of exhaustion of remedies, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

3

other correctional facility until such administrative remedies as are available are exhausted.  **42 U.S.C. § 1997e(a)**.

In *Perez v. Wisconsin Department of Corrections,* **182 F.3d 532 (7th Cir. 1999)**, the Court of Appeals for the Seventh Circuit held that exhaustion of administrative remedies, while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy and regardless of notions of judicial economy.  *Perez***, 182 F.3d at 537**.  Exhaustion means that the prisoner has "complete[d] the administrative process by following the rules the state has established for that process."  *Pozo v. McCaughtry,* **286 F.3d 1022, 1023 (7th Cir. 2002).**  "Any other approach ... would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem - or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner."  *Id.* **at 1023-24.**  "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." *Massey v. Helman,* **196 F.3d 727, 735 (7th Cir. 2000)**.

The grievance procedures applicable to the Illinois Department of Corrections are set forth in **20 Ill. Admin. Code §§ 504.800-504.850**.  To be fully exhausted, a grievance must be pursued through the institutional system and ultimately be denied by the Administrative Review Board ("ARB").  *Id***.**  A grievance must be filed within 60 days after the discovery of the problem that gives rise to the grievance, but if an offender can show good cause why the grievance was not timely filed, "the grievance shall be considered."  **§ 504.810(a).**  The grievance procedure requires an inmate to provide "factual details regarding each aspect of the offender's complaint, including what

happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. **§ 504.810(b)**. Where the inmate has been transferred, the inmate may skip the initial steps

and file a grievance directly with the ARB. **§ 504.870(a)(4)**.

Circumstances may exist where the administrative remedy is not available, *e.g.,* when an inmate does all he can to utilize the remedy process and no response is provided. ***Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002);** ***Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)**. When administrative remedies have not been exhausted, the Court must "determine whether (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over." ***Pavey v. Conley*, 528 F.3d 494, 497-98 (7th Cir. 2008)**.

### Count 2

In Count 2, Brown alleges that Defendants failed to protect him from sexual threats and sexual harassment from another inmate, Luis Boyd, in February 2006. The Report recommends that the undersigned District Judge find that Brown has not exhausted his administrative remedies regarding this Count and that the fault lies with Brown. According to the Report, on March 1, 2006, Brown prepared information for an investigation by the internal affairs department which did not comply with the established grievance procedure.

Brown contends that he filed grievances in regard to this allegations and, indeed, filed grievances "endlessly." To summarize Brown's objections, he asserts that the ARB could not find

5

the relevant grievance when it searched its records because staff at Big Muddy River Correctional Center, where he was housed at that time, retaliated against him by throwing away his grievances. In the alternative, he contends that ARB chairperson Melody Ford destroyed the grievances. He submits that he exhausted all administrative remedies that were available to him.

According to Brown's complaint, Boyd's sexual harassment of him began with a letter Boyd sent to him on February 17, 2006. The Court has carefully reviewed Brown's submissions and concurs with Magistrate Judge Frazier's finding that the document drafted on March 1, 2006, does not comply with the established grievance procedure.

A key problem with Brown's grievances is that the claims are - as Judge Frazier observed with respect to Count 1 - buried in surplusage. The grievance procedure requires an inmate to provide "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." *See* **20 Ill. Admin. Code § 504.810(b)**. The burden is on the inmate to provide that information at least somewhat concisely so that the institution is not burdened with sifting through voluminous writings that may ultimately identify no particular individual or ascribe no particular conduct to a named individual. The Court notes that ARB chairperson Ford returned a grievance received on April 5, 2006, with the notation that Brown should list specific dates and incidents. Doc. 1-3, p. 16.

Even if Brown's grievances were concise with specific persons, dates and incidents listed, nonetheless, his claim fails because he did not pursue the grievance process properly to its conclusion. *Cannon v. Washington,* **418 F.3d 714, 719 (7th Cir. 2005) ("The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation**

**begins.")**.  As the Seventh Circuit Court of Appeals explained in *Dole v. Chandler,* **438 F.3d 804 (7th Cir. 2006)**,

> This circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir.2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). ***Dole*, 438 F.3d at 809**.

Specifically, the document submitted to the ARB does not comply with the established procedure. It appears that the document was returned to Brown with Ms. Ford's instructions to "Use the Committed Person's Grievance Report, ... including the Grievance Officer's and Chief Administrative Officer's response, to appeal" and "Provide a copy of the Committed Person's Grievance,... including the counselor's response if applicable. Doc. 33-4, p. 6.  Attached to this form is Brown's eight-page complaint, which includes as "Count 4," Brown's claim that staff allowed him to be sexually harassed by other inmates.  Doc. 33-4, p. 12.  Nothing prevented Brown from filing a proper grievance and appeal when the Administrative Review Board rejected the documents as unacceptable.  *Tripp v. Carter,* **1999 WL 966099, \*1 (N.D.Ill. 1999)**.  Numerous documents in the record make it clear that Brown was knowledgeable about the proper procedure *and* that the ARB had appropriately evaluated materials received from him.  In sum, Brown failed to properly exhaust his administrative remedies with respect to Count 2.

### IV.  Conclusion

Having carefully reviewed the record *de novo*, the Court concludes (as did Magistrate Judge Frazier) that Defendants are entitled to summary judgment as to Count 1 but not as to Count 2.  Accordingly, the Court **ADOPTS** in its entirety Magistrate Judge Frazier's Report and

Recommendation (Doc. 46) and **GRANTS in part and DENIES in part** Defendants' motion for summary judgment (Doc. 28). The Court **GRANTS** summary judgment as to the claims set forth in Count 2, and Count 2 is **DISMISSED** with prejudice. The Court **DENIES** summary judgment as to Count 1. However, the entry of a stay as to Count 1 is no longer necessary because there has been ample time for the Illinois Department of Corrections to process Brown's March 30, 2006, grievance, as resubmitted to the ARB on August 15, 2006. Apparently, this has occurred because now pending before Magistrate Judge Frazier for Report and Recommendation is a motion for summary judgment on Counts 1 and 2, filed December 18, 2009, by Defendants Black, Bradford, Garnett, Lambert and Wilkerson (Doc. 65).

      **IT IS SO ORDERED.**

      **DATED this 31st day of March, 2010.**

                                **s/Michael J. Reagan**
                                **MICHAEL J. REAGAN**
                                **United States District Judge**