IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-0758-MJR-PMF |
| | ) |
| ROGER E. WALKER, JR., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff James Brown is an inmate of the Lawrence Correctional Center of the Illinois Department of Corrections (IDOC). He filed suit on October, 26, 2007 under 42 U.S.C. § 1983 against the defendants, who are all officials of the Big Muddy Correctional Center or the IDOC, regarding the conditions of his confinement while he was incarcerated at Big Muddy. After initial review by the Court and various dispositive motions, Brown's First Amendment retaliation claims remain. Brown alleges that prison officials retaliated against him for complaining about prison conditions to IDOC officials. They did so in two ways: by not responding to a battery against him by a fellow inmate (Count 1) and by transferring him to Lawrence, a more secure institution (Count 3).

Brown's case has been referred to Magistrate Judge Philip M. Frazier for all pretrial matters, including recommending how the Court should decide any dispositive motions made by the parties. (Doc. 6). Judge Frazier has issued a report (Doc. 88), recommending that the Court grant in part the motion for summary judgment of five of the defendants (Doc. 65). The movants are Ken Black, a correctional officer at Big Muddy; Julie Wilkerson, the Assistant Warden of Programs; Roy Bradford, the Assistant Warden of Operations; Gregory Lambert, the Warden of Big Muddy; and Jason Garnett, the Deputy Director for IDOC District 5. (*See* Compl. 2–4.) The report recommends

that the Court enter summary judgment on Count 1 for all movants and on Count 3 for movants Black and Garnett, leaving Count 3 open for trial for movants Wilkerson, Lambert and Bradford and non-movant Ford. The movants have timely objected to the recommendation that Count 3 remain viable (Doc. 89). Because of the timely and specific objection, the Court must engage in a de novo review of the portion of the report to which the movants objected; after engaging in the de novo review, the Court may accept, reject or modify the recommended decision or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C.A. § 636(b)(1) (West Supp. 2010); Fed. R. Civ. P. 72(b); S.D. Ill. R. 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).

The standard for granting summary judgment is well established. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *accord Spivey v. Adaptive Mktg. LLC*, No. 09-3619, 2010 WL 3619789, at *5 (7th Cir. Sept. 20, 2010) (O'Connor, J.) (quoting Fed. R. Civ. P. 56(c)) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). A factual dispute is "material" if, under the governing legal standard, the resolution of the dispute would change the outcome of the suit. *Spivey*, 2010 WL 3619789, at *5 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). A genuine issue results when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248) (citing *Stokes*, 599 F.3d at 619). Because the Court must look at the evidence and decide if a reasonable jury could return a verdict in favor of the non-moving party, the Court "construes all facts and reasonable inferences in the light most favorable to the non-moving party." *See id.* (citing *Goelzer v. Sheboygan City*, 604 F.3d 987, 992 (7th Cir. 2010)).

The movants object to the report's conclusion that Brown has enough evidence on causation to survive summary judgment. In a First Amendment retaliation case under § 1983, a plaintiff must

establish that his protected activity caused the defendant's adverse conduct. *Waters v. City of Chicago*, 580 F.3d 575, 584 (7th Cir. 2009). It is not enough to demonstrate that the protected activity was merely a motivating factor. *Id.*; *see Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009). The evidence that Brown provided on summary judgment was that he sent written correspondence to Salvador Godinez, the chief of staff of the Adult Division of the IDOC, on February 14 complaining of several issues and naming specifically Officer Black, Warden Lambert and Deputy Director Garnett in the letter. (*See* Doc. 1-3 at 2–4.) Brown sent an additional letter on March 1; Godinez replied to his letters on March 8, indicating that he shared Brown's concerns with the Big Muddy staff. (*Id.* at 5–6.) In deposition, Brown testified that after he sent a reply, movant Wilkerson contacted him to set up a meeting regarding the concerns that Brown had indicated in the correspondence to Godinez. She did this at Deputy Director Garnett's request. (Doc. 65-1 at 55–56.) Wilkerson and Brown had their meeting on March 14. During the conversation, Wilkerson told Brown that she spoke with movants Bradford, Lambert and Garnett and that she knew that Brown was going to be transferred. She did not want to talk about the transfer, instead wanting to talk about the issues that Brown had previously mentioned in his correspondence. She also noted that Brown was an asset at the prison law library. (*Id.* at 54–55.) Bradford, Wilkerson and Lambert signed off on the transfer order the same day as the meeting.

The movants argue that this evidence only amounts to suspicious timing. *See Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000). The movants also argue that the evidence only demonstrates that certain events happened after other events, which is generally not good enough to demonstrate that earlier events caused the later events. *See, e.g.*, *Bermudez v. TRC Holdings, Inc.*, 138 F.3d 1176, 1179 (7th Cir. 1998) ("*Post hoc ergo propter hoc* is not enough to support a finding of retaliation . . . ."). The Court disagrees. There is enough evidence such that a reasonable jury could determine that the protected activity (writing to Godinez) caused the transfer. If Brown had not

written to Godinez, Godinez would not have contacted Garnett and Garnett would not have had the meeting with Wilkerson, Bradford, and Lambert regarding Brown's transfer. The evidence is scant and presents a weak but reasonable inference that Wilkerson, Bradford, and Lambert would not have signed the transfer order without Brown's letter to Godinez.

The Defendants argue that the real reason for the transfer was that Brown was causing problems in prison after an inmate's death, citing the affidavit of the IDOC transfer coordinator (Doc. 65-1 at 87), and that the Court should accept that affidavit over the weak inference. When the evidence is viewed in the light most favorable to Brown, his case, albeit circumstantial and weak but legally sufficient, withstands summary judgment scrutiny since it is for the jury and not the Court to choose one side over the other when factual disputes exist.

None of the movants have objected to any other aspect of the report, and neither has Brown, meaning that the Court need only review the remainder of the report for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)). The Court has done so and found the other aspects of the report to be free of clear error. Because Brown has enough evidence such that a jury could find causation in his favor, the Court **OVERRULES** the objection of Defendants Garnett, Lambert, Bradford and Wilkerson (Doc. 89). Because the rest of the report is free of clear error, the Court **ADOPTS** Judge Frazier's report in its entirety (Doc. 88). Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the motion for summary judgment (Doc. 65). At the conclusion of the case, judgment will be entered in favor of defendants Black, Wilkerson, Bradford, Lambert and Garnett on Count 1 and in favor of defendants Black and Garnett on Count 3. As a result of this order, Count 3 remains viable for trial for defendants Ford, Wilkerson, Lambert and Bradford.

**IT IS SO ORDERED.**

**DATED September 29, 2010.**

/s/ Michael J. Reagan

**United States District Judge
MICHAEL J. REAGAN**

5